## In re Noakes et al.

*Frederick J. Templeton*, district attorney, for petitioners.

*Caleb S. Brinton*, for respondent.

REESE, P. J., July 5, 1935.—On April 20, 1935, the district attorney presented a petition in which the following facts in substance were set forth:

The bodies of three small girls, Norma, Dewilla and Cordelia Noakes, were found apparently murdered near Pine Grove Furnace in this county on November 24, 1934. The bodies of the children were removed to a morgue at

Carlisle where autopsies were performed by Dr. W. Baird Stuart and Dr. Vance M. Rothrock. These physicians have presented a bill for their services in the sum of $300. X-ray examinations were made by Dr. John M. Harris, who has presented a bill in the sum of $75. Various photographs were taken by Ivan L. Carter, who has submitted a bill in the sum of $15. Various laboratory tests were made by Dr. George R. Moffitt, of Harrisburg, in an effort to discover the cause of death. Doctor Moffitt submitted a bill for his services in the sum of $484. Dr. E. A. Haegele performed services in connection with the investigation of the matter, and has submitted a bill in the sum of $123.75 for services, including additional autopsies, telephone calls, etc. The court granted a rule upon the county commissioners to show cause why they should not be ordered to pay the foregoing bills. An answer was filed by the county commissioners on May 11, 1935, in which they admit most of the averments of the petition, but aver that the services performed by Doctor Stuart, Doctor Rothrock, Doctor Harris and Doctor Haegele were not authorized in any manner by the county commissioners and that the county commissioners have no legal authority to pay for their services. The county commissioners rely on the Act of June 25, 1931, P. L. 1360, which provides:

"That no county of the sixth class shall be liable for the payment of more than twenty-five dollars ($25.00) as the cost of any autopsy in any case being investigated by a coroner unless the expenditure for such autopsy has first been approved by the county commissioners of the county." It must be carefully noted that the limitation on the cost of autopsies provided in this act is limited to "any case being investigated by a coroner."

The eighth paragraph of the petition of the district attorney contains the following averment:

"That all of the expenses so incurred as herein set forth were necessary to the investigation of the said matter and were incurred in an effort to determine the

identity of the party or parties criminally responsible for the death of the said children, and were either incurred at the express instance and request of the district attorney or by the Coroner of Cumberland County acting under the direction of the said district attorney. All of the expenses so incurred were for extraordinary services rendered in an emergency, and your petitioner believes that the charges therefor are reasonable." The answer filed by the county commissioners does not deny these allegations, but re-avers the lack of any right or legal authority to pay more than $25 for each autopsy.

The matter has been submitted to the court on the petition and answer, and inasmuch as paragraph 8 of the petition has not been denied by the county commissioners, we must accept as verity the facts therein set forth. These facts we believe bring the matter under the provisions of the Act of June 29, 1923, P. L. 973, which provides:

"That all necessary expenses incurred by the district attorneys of any county of this Commonwealth or his assistants, or any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of their respective counties."

From the petition and answer it appears, therefore, that the case was being investigated by the district attorney and not by the coroner, and inasmuch as the services of the various doctors were requested by the district attorney in the investigation of the matter by him and the district attorney has approved their bills as reasonable, we feel that under the Act of 1923, supra, the court must order the payment of the bills by the county commissioners.

And now, July 5, 1935, it is directed and ordered that the county commissioners pay the following expenses incurred by the district attorney in the investigation of the

42

murder of Norma, Dewilla and Cordelia Noakes: To Dr. W. Baird Stuart and Dr. Vance M. Rothrock jointly $300; to Dr. John M. Harris $75; to Ivan L. Carter $15; to Dr. George R. Moffitt $484; to Dr. E. A. Haegele $123.75.  From Francis B. Sellers, Jr., Carlisle.